UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**PATRICIA A. GILFUS, WERNER L. FLIER, D.D.S.,
RICHARD B. GILFUS, JR., JOHN S. GILFUS, Pro Se,
In Propona Personsa,**

                        Plaintiffs,

    v.                                                                               5:04-CV-1368 (HGM/DEP)

**THOMAS ADESSA; THOMAS P. STOPYRA; DAVID
O'CONNER; FRED WESTFAL; COUNTY OF
CAYUGA, NEW YORK, a Political Subdivision of the
State of New York; CAROL RUSSEL; CAYUGA
COUNTY SPCA; FINGERLAKES SPCA; CAROL
MALYS; COUNTY OF CAYUGA SPCA; JOHN DOE
and JANE DOE, Unlicensed Veterinarian Technician
Imposters, numbers 1-25, JOHN DOES and JANE
DOES, County Attorneys, CAYUGA COUNTY, NEW
YORK; MARY BOWEN; CHARLENE WOOD;
TOWN OF MENTZ; NEW YORK, EARL MILLS;
JACK O'NEILL; HON. RICHARD WARRICK, JUDGE,
In His Official Capacity only; ART LUKE; JEANNETTE
SPARE; NEW YORK STATE TROOPER,OFFICER
DUCKKETT; TROOPER BURN, TROOPER
MCILWAINE; TROOPER MIDDLETON; TROOPER
SUTTON; AILEEN SHERMAN; DOUGLAS ROSS; JANE
DOES AND JOHN DOES, NUMBERS 1-25; NEW YORK
STATE TROOPER MARTY MILLIMAN; FINGERLAKES
SPCA OF CENTRAL NEW YORK; COUNTY OF ONONDAGA,
NEW YORK; COUNTY ATTORNEY OF ONONDAGA,
NEW YORK; PATRICIA RICHARDS; BETSY PUFFER;
JEFFREY EYRE; STEVEN SWAN; LISA BOGNER;
UNKNOWN HUSBAND OF LISA BOGNER; BONNIE
REYNOLDS; JAMES TEDFORD; JENNIFER
METCALFE; JOANNA CELLINI; RICHARD GERBASI;
JOHN DOES AND JANE DOES located at LOLLYPOP
FARM, Fairport, New York; DR. DAVID SCOVILLE,
DVM; PARADISE VETERINARY PRACTICE; AL
KOBER; DR. ELLEN BUCK, DVM; 100 JOHN DOES and
JANE DOES, Truckers; HELEN LANGERLAN; JESSICA
MARLAND; DR. HOLLY REID; BARBARA J.
CUMMINGS; BEAVER LAKE ANIMAL HOSPITAL,
Baldwinsville, New York; ASSISTANT DISTRICT
ATTORNEY DIANE ADSIT; JACK WOODS, THE NEW
YORK STATE ANIMAL CONTROL ASSOCIATION;**

**OSWEGO COUNTY SPCA; COUNTY OF OSWEGO; OSWEGO COUNTY ATTORNEY; DIANE ADSIT, FOUNDER AND TREASURER, "Feral Cat Friends, Inc.," individually and in her official capacity; ASSISTANT DISTRICT ATTORNEY CHRISTOPHER VALDINA; DISTRICT ATTORNEY JAMES VARGASON; ASSISTANT DISTRICT ATTORNEY JON BUDDLEMAN; CAYUGA COUNTY, NEW YORK, DISTRICT ATTORNEY'S OFFICE; DOROTHY AINSWORTH, CHIEF OF SERVICE, CORNELL UNIVERSITY; THOMPKINS COUNTY ATTORNEY, Ithaca, New York; DR. JAMES GRAY; JOHN P. HUNTLEY, DVM; DR. JOHNSON SEWARD; DR. DAVID SMITH; UNITED STATES DEPARTMENT OF AGRICULTURE; SHERIFF PETER PINCKNEY; SHERIFF ROBERT OUTHOUSE; LT. JOHN LAMPHERE; UNDERSHERIFF JAMES TABER; STEPHEN MCLOUD; DEPUTY SHERIFF MICHAEL LUPO; DEPUTY SHERIFF PAUL BENTON; AUXILIARY DEPUTY MARVENTANO; DEPUTY PETER VAN DITTO; CAYUGA COUNTY, NEW YORK, SHERIFF'S DEPARTMENT; JOANNE SANDANO; ANN-MARIE LUCAS; MARK O'DONALD; GENESSEE VALLEY EQUINE CLINIC, LLC; CELESTE E. BOATWRIGHT. DVM; REBECCA POSHER, MRCVS; AMY R. LEIBECK, DVM; NICHOLE STACY; SIMON K. MOODY, ESQ.; WILLIAMS, HEINL, MOODY, BUSCHMAN and BASS, PC; MICHAEL VAVONESE, ESQ.; NEW YORK STATE AGRICULTURE AND MARKETS; DR. PEPI F. LEIDS; DAVID PHILLIPS; KATHY PIERCEY; KATHY WEJKO; JENNIFER SALONE; CHARLES FLUNO; MEGAN WILLIAMS, DVM; ONEIDA COUNTY, NEW YORK, HUMANE SOCIETY; POTTER LEAGUE FOR ANIMALS, MIDDLETOWN, RHODE ISLAND; JEFF WYATT, MPH, ACAMdipl; ALICE LEE CALABRESE; THE HUMANE SOCIETY OF ROCHESTER AND MONROE COUNTY, NEW YORK; THE ASPCA; THE ONONDAGA COUNTY, NEW YORK SPCA; THE PORT BYRON, NEW YORK, FIRE DEPARTMENT; ROBERT WARE; OTHER UNKNOWN FIRE DEPARTMENT PERSONNEL; SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS OF TEXAS, MCKINNEY, TEXAS; VET CHECK LABORATORY; BRUCE CAMPBELL, DVM; RICCARDO T. GALBATO, ESQ.; CORNELL UNIVERSITY HOSPITAL FOR ANIMALS;**

2

EMMANUEL ENGELI; MARKUS WILKE; ROBERT NICHOLS; CORNELL DIAGNOSTIC LABORATORY, A SERVICE OF THE NEW YORK STATE DEPARTMENT OF AGRICULTURE AND MARKETS; COLLEGE OF VETERINARY MEDICINE, CORNELL UNIVERSITY; CORNELL UNIVERSITY COLLEGE OF VETERINARY MEDICINE, IMAGING SECTION, DEPARTMENT OF CLINICAL SERVICES; PETER V. SCRIVANI, DVM, DIPL, ACVR; DR. DENNIS WILSON; VETERINARY DIAGNOSTIC LABORATORIES OF CNY; CORNELL UNIVERSITY; CHERYL WOJESKI; CAYUGA VETERINARY SERVICES; DR. DALE OTTOSEN, DVM; EUGENE WELCH, ESQ.; HARRIS, CHESWORTH AND O'BRIEN; ERIN P. CHAMPION, ESQ.; BENTKIFSKY & SIMMONDS, LLP; JOHN HOGAN, JR.; HOGAN & HOGAN; WILLIAM MONTGOMERY, III, ESQ.; MARK H. FANDRICH; KARPINSKI, STAPELTON & FANDRICH, P.C.; RODNEY FARM #2, Scottsville, New York; COUNTY OF MONROE, NEW YORK; RICHARD S. MAYBERRY, ESQ.; OTHER UNKNOWN DEFENDANTS AND CO-CONSPIRATORS, AND UNKNOWN JOHN DOES 1-25 and JANE DOES 1-25, Jointly Severally and Individually; CAYUGA COUNTY, NEW YORK; CAYUGA COUNTY DISTRICT ATTORNEY'S OFFICE AND CAYUGA COUNTY, NEW YORK, SHERIFF'S OFFICE**,

            Defendants.

---

**APPEARANCES:**            **OF COUNSEL:**

PATRICIA A. GILFUS
Plaintiff *pro se*
1996 Sarr Road
Post Office Box 53
Port Byron, New York 13140

WERNER L. FLIER, D.D.S.
Plaintiff *pro se*
1996 Sarr Road
Post Office Box 53
Port Byron, New York 13140

RICHARD B. GILFUS, JR.

Plaintiff *pro se*
1996 Sarr Road
Post Office Box 53
Port Byron, New York 13140

JOHN S. GILFUS
Plaintiff *pro se*
1996 Sarr Road
Post Office Box 53
Port Byron, New York 13140

| | |
|---|---|
| SUGARMAN LAW FIRM, LLP<br>Attorneys for Defendants<br>Carol Malys, Thomas Adessa,<br>Fingerlakes SPCA and Carol Russell<br>360 South Warren Street<br>HSBC Center<br>Syracuse, New York 13202 | PAUL V. MARTIN, ESQ. |
| GOLDBERG SEGALLA, LLP<br>Attorneys for Defendants<br>Cayuga County, New York, Sheriff's Department,<br>Cayuga County, New York, Sheriff's Office,<br>County of Cayuga, New York, David O'Conner,<br>Fred Westfal, Michael Lupo, Robert Outhouse,<br>and Thomas P. Stopyra<br>5789 Widewaters Parkway<br>Syracuse, New York 13214-1855 | KENNETH ALWEIS, ESQ. |
| HISCOCK & BARCLAY, LLP<br>Attorneys for Defendants<br>Karpinski, Stapleton & Fandrich, P.C.,<br>Mark H. Fandrich, and Riccardo T. Galbato<br>One Park Place<br>300 South State Street<br>Syracuse, New York 13202 | ROBERT A. BARRER, ESQ. |
| HANCOCK & ESTABROOK, LLP<br>Attorneys for Defendants<br>David Scoville and Paradise Veterinary Practice<br>1500 MONY Tower I<br>Syracuse, New York 13221-4976 | JANET D. CALLAHAN, ESQ. |
| BENTKOFSKY & SIMMONDS, LLP<br>Attorneys for Defendant Erin P. Champion<br>504 Metcalf Plaza, Suite 504 | ERIN P.CHAMPION, ESQ. |

4

| | |
|---|---|
| Auburn, New York 13021 | |
| | |
| CORNELL UNIVERSITY OFFICE OF COUNSEL | VALERIE L. CROSS, ESQ. |
| Attorneys for Defendants Dorothy Ainsworth, | NELSON E. ROTH, ESQ. |
| Peter Scrivani, Cornell University Hospital for Animals, | WENDY E. TARLOW, ESQ. |
| and Cornell Diagnostic Laboratory | |
| 300 CCC Building, Garden Avenue | |
| Ithaca, New York 14853 | |
| | |
| RICHARD D. ENDERS, ESQ. | |
| Attorney for Defendant Bonnie Reynolds | |
| 12 West Park Row | |
| Clinton, New York 13323-0257 | |
| | |
| JOHN M. HOGAN, JR., ESQ. | |
| Attorney for Defendant John Hogan, Jr. | |
| 517 Broadway | |
| Post Office Box 323 | |
| Saratoga Springs, New York 12866 | |
| | |
| SMITH, SOVIK, KENDRICK & SUGNET, P.C. | GABRIELLE M. HOPE, ESQ. |
| Attorneys for Defendants | PATRICK B. SARDINO, ESQ. |
| Onondaga County, New York SPCA, Betsy Puffer, | |
| Patricia Richards, Vet Check Laboratory, | |
| and Bruce Campbell, DVM | |
| 250 South Clinton Street | |
| Syracuse, New York 13202 | |
| | |
| CRAMER, SMITH & LEACH, P.C. | |
| Attorneys for Defendants | |
| Assistant District Attorney Christopher Valdina, | |
| District Attorney James Vargason, | |
| Assistant District Attorney Jon Buddleman, | |
| Cayuga County, New York District Attorney's Office | |
| Cayuga County District Attorney's Office | |
| 892 East Brighton Avenue | |
| Syracuse, New York 13205 | |
| | |
| HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE, | MICHAEL P. LEONE, ESQ. |
| WELCH & LEONE | |
| Attorneys for Defendants | |
| Humane Society of Rochester and Monroe County, | |
| New York, Alice Lee Calabrese, David Scoville, | |
| Jennifer Metcalfe, Joanna Cellini, Richard Gerbasi, | |
| Society for the Prevention of Cruelty to Animals of Texas, | |
| McKinney, Texas, and Eugene Welch | |

300 Linden Oaks, Suite 100
Rochester, New York 14625

DIANE M. MARTIN-GRANDE, ESQ.
Attorney for Defendants
Peter Van Ditto, Auxiliary Deputy Marventano,
James Taber, John Lamphere, Paul Benton, Robert Ware,
and Stephen McLoud
301 Black River Boulevard
Rome, New York 13440

COSTELLO, COONEY & FEARON, PLLC
Attorneys for Defendants
Oswego County Attorney and Steven Swan
205 South Salina Street
Fourth Floor
Syracuse, New York 13202-1327

FRANK W. MILLER, ESQ.
Attorney for Defendants
Charlene Wood, Earl Mills, Hon. Richard Warrick,
Jack O'Neill, Mary Bowen, Town of Mentz, New York
6296 Fly Road
East Syracuse, New York 13057

WILLIAM E. MONTGOMERY, III, ESQ.
Attorney for Defendant
William Montgomery, III, Esq.
Post Office Box 228
130 Maple Street
Glens Falls, New York 12801

OFFICE OF LAURIE G. OGDEN                                    JOHN F. PFEIFER, ESQ.
Attorneys for Defendant
Steven Swan
The Galleries of Syracuse
441 South Salina Street
Fourth Floor, Box 364
Syracuse, NY 13202-0364

OFFICE OF THE ATTORNEY GENERAL                               JAIME IRENE ROTH, ESQ.
Attorneys for Defendants
Jennifer Salone, Kathy Wejko, Officer Duckett,
Trooper Sutton, Jeannette Spare and Art Luke
The Capitol
Albany, New York 12224

| | |
|---|---|
| JACKSON WALKER LLP<br>Attorneys for Defendant<br>Society for the Prevention of Cruelty to Animals<br>of Texas, McKinney, Texas<br>Bank of America Plaza<br>901 Main Street<br>Suite 6000<br>Dallas, TX 75202 | KURT A. SCHWARZ, ESQ. |
| TADDEO & SHAHAN, LLP<br>Attorneys for Defendants<br>Port Byron, New York Fire Department and<br>Robert Ware<br>Empire Building<br>Suite 700<br>472 South Salina Street<br>Syracuse, NY 13202-1231 | STEVEN C. SHAHAN, ESQ. |

**HOWARD G. MUNSON**
**Senior United States District Judge**

## MEMORANDUM - DECISION AND ORDER

On November 26, 2004, *pro se* Plaintiffs Patricia A. Gilfus, Werner L. Flier, D.D.S., Richard B. Gilfus, and John S. Gilfus filed their "Complaint" against the above-captioned Defendants who number well-over one hundred.[1] Plaintiffs' diffuse and rambling Complaint alleges that "Defendants . . . engaged in a conspiracy . . . to deny . . . Plaintiffs their civil rights and Constitutional rights, under color of state law." Dkt. No. 1, Compl. at ¶ 1. Currently before the Court are a bevy of motions: (1) Defendants Ricardo T. Galbato, Esq., Mark H. Fandrich, Karpinski, Stapelton & Fandrich, P.C., move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, Dkt. No. 12, Notice of Mot.; (2) Defendants Patricia Richards, Betsy Puffer and the Onondaga County New York SPCA

---

[1] This action shares much in common with civil actions 5:03-CV-578 and 5:04-CV-1379. All three actions share multiple defendants in common, arise from a common event and set of circumstances and raise nearly identical issues of fact and law. In addition, Werner Flier, the lone Plaintiff from civil action 5:03-CV-578 not to have joined in civil action 5:04-CV-1379, is among Plaintiffs in the instant case.

7

move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, Dkt. No. 16, Notice of Mot.; (3) Defendants Oswego County and Oswego County Attorney move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. No. 17, Notice of Mot.; (4) Defendants Dorothy Ainsworth, Peter Scrivani and Cornell University (sued as Cornell University Hospital for Animals and Diagnostic Lab) move to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6), Dkt. No. 18, Notice of Mot.; (5) Defendants David O'Connor (sued as David O'Conner), Frederick Westphal (sued as Fred Westfal), the County of Cayuga, New York, Defendants sued as "County Attorneys," Cayuga County Sheriff Robert Outhouse, Defendant sued as Cayuga County, New York Sheriff's Department, Cayuga County, New York, Deputy Sheriff Michael Lupo and Defendant sued as Cayuga County Sheriff's Office move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c) and (f) and 9(b) and move for an order precluding Werner Flier from filing any complaints against Defendants without leave of the Court, Dkt. No. 28, Notice of Mot.; (6) Defendants Assistant District Attorney Christopher Valdina, District Attorney James Vargason, Assistant District Attorney Jon Budelmann, sued as Assistant District Attorney Jon Buddleman, Defendant sued as Cayuga County, New York District Attorney's Office and Defendant sued as Cayuga County District Attorney's Office move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c) and (f) and 9(b) and move for an order precluding Werner Flier from filing any complaints against Defendants without leave of the Court, Dkt. No. 31, Notice of Motion; (7) Defendants Port Byron Fire Department and members of the Port Byron Fire Department move to dismiss Plaintiffs' Complaint pursuant to Rules 8, 12(b)(6), (c) and (f), Dkt. No. 33, Notice of Mot.; (8) Defendants the Stevens-Swan Humane Society of Oneida County, Inc., sued as Steven Swan, move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. No 36, Notice of Mot.; (9) Defendants sued

as Jennifer Metcalfe, Joanna Cellini, Richard Gerbasi, John Does, located at Lollypop Farm, Fairport, New York, Jane Does, located at Lollypop Farm, Fairport, New York, Dr. David Scoville, DVM, Paradise Veterinary Practice, Alice Lee Calabrese, The Humane Society of Rochester and Monroe County, New York, and Eugene Welch, Esq., Harris, Chesworth, and O'Brien move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), Dkt. No. 37, Notice of Mot.; (10) Defendants Lt. John Lamphere, Undersheriff James Taber, Stephen McLoud, Deputy Sheriff Paul Benton, Robert Ware, Auxiliary Deputy Marventano and Deputy Peter Van Ditto move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c), (f) and 9(g) and move for an order precluding Werner Flier from filing any complaints against Defendants without leave of the Court, Dkt. No. 41, Notice of Mot.; (11) Defendant Dallas Society for the Prevention of Cruelty to Animals, d/b/a SPCA of Texas, sued as Society for the Prevention of Cruelty to Animals of Texas, moves to dismiss Plaintiffs Complaint pursuant to Rules 12(b)(2), 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure, Dkt. No. 44, Notice of Mot.; (12) Defendants Thomas Adessa, Carol Russell, Fingerlakes Society for the Prevention of Cruelty to Animals of Central New York, sued as Fingerlakes SPCA and Carol Malys, move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c) and (f) and Rule 9(b) of the Federal Rules of Civil Procedure, Dkt. No. 45, Notice of Mot.; (13) Defendants George E. Duckett, Raymond Sutton, Kelly Wejko, Jennifer Salone and Jeannette M. Dockstader, sued as Jeannette Spare, move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. No. 46, Notice of Mot., Dkt. No. 51, Letter; (14) Defendant Erin P. Champion moves to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c) and (f) and Rule 9(b) of the Federal Rules of Civil Procedure, Dkt. No. 49, Notice of Mot.; (15) Defendants the Town of Mentz, Charlene Wood, Earl Mills (deceased), Jack O'Neil, Mary Bowen and the Honorable Richard Warrick move to dismiss Plaintiffs' Complaint pursuant to Rules 12 and 9 of the

Federal Rules of Civil procedure and move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Dkt. No. 58, Notice of Mot; (16) Defendants Bruce Campbell, DVM, and Vet Check Laboratory move to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 9 of the Federal Rules of Civil Procedure, Dkt. No. 59, Notice of Mot.; (17) Defendant Dallas Society for the Prevention of Cruelty to Animals, d/b/a SPCA of Texas, sued as Society for the Prevention of Cruelty to Animals of Texas, takes an additional crack at Plaintiffs' Complaint and moves to dismiss it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Dkt. No. 60, Notice of Mot.; (18) Defendant Jeffrey Eyre moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dkt. No 61, Notice of Mot.; (19) Defendant Thomas P. Stopyra moves to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6), (c) and (f) and 9(b) of the Federal Rules of Civil Procedure, Dkt. No. 63, Notice of Mot. (collectively "Defendants"). For the reasons set forth below, the Court GRANTS Defendants' Rule 12 and Rule 9 motions to dismiss Plaintiffs' Complaint.

**BACKGROUND**

**I.      Plaintiffs' Complaint: Allegations and Relief Sought**

Plaintiffs' disjointed Complaint alleges that Defendants caused an illegal search warrant to be issued and then relied upon said search warrant to raid the Gilfus Farm on December 1, 2001. *See* Dkt. No. 1, Compl. at ¶ 45. Plaintiffs allege that Adessa "created and utilized stale inventory lists regarding the animals at the Gilfus farm . . [and] use[d] them for fraudulent . . . purposes . . . ." Id. Plaintiffs allege that Defendants caused them to suffer: (1) an illegal search and seizure, *see* id. at ¶ 47; (2) the denial of their procedural and substantive due process; (3) unlawful taking of their property; (4) false arrest and false imprisonment, *see* id. at ¶¶ 5-6; and (5) the deprivation of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, *see* id.

10

at ¶ 26. Plaintiffs further allege that Defendants are "guilty of" fraud, obstruction of justice, negligent hiring, training and supervision. *See* Dkt. No. 1, Compl. at ¶¶ 27-28. In addition, Plaintiffs allege that Defendants actions constitute a pattern racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). *See* id. at ¶¶ 23(a), 46. In support of their Civil RICO claim, Plaintiffs assert that Defendants: (1) filed false affidavits and police reports; (2) published a false account of the raid on the Gilfus farm; (3) committed perjury before a Grand Jury; (4) made repeated telephone calls in violation of 18 U.S.C. § 1343 (wire fraud); and (5) repeatedly utilized the United States Postal Service to mail various correspondence and documentation in violation of 18 U.S.C. § 1341 (mail fraud). *See* id. at ¶¶ 48-51. Finally, Plaintiffs allege that "so called "Animal Rescue Groups' . . . have in fact operated . . . as Domestic Terrorist Organizations . . . ." Id. at ¶ 8. The Court infers from Plaintiffs' allegations that during the raid, various animals were seized and removed from the Gilfus farm.

Plaintiffs seek equitable relief and a Writ of Quo Warranto. *See* id. at ¶ 11. Plaintiffs also seek "a permanent injunction and restraining order, enjoining . . . 'SPCA' type domestic terrorist organizations from . . . malignant, illegal, and unlawful actions . . . ." Id. at ¶¶ 12-22. Plaintiffs, however, further demand compensatory damages in an amount exceeding $50,000,000. Id. at ¶ 37. In addition, Plaintiffs seek a Court Order "establishing a watchdog committee and Public Ombudsman, to investigate, monitor and coordinate with [a] Private Attorney General, which Plaintiffs are." Id. at ¶ 15. Moreover, Plaintiffs seek a Court Order declaring Defendant Animal Rescue Groups' charters null and void. Id. at ¶ 24.

## II. Criminal Prosecutions

The raid resulted in criminal prosecutions against the above-captioned Gilfus Plaintiffs for failure to provide proper sustenance, *see* N.Y. AGRIC. & MKTS. LAW § 353 (McKinney). A jury

found the Gilfus Plaintiffs guilty, *see* Dkt. No. 10, Ex. C, and the Gilfus Plaintiffs appealed the judgments convicting them to the Fourth Department which affirmed the convictions. *See* People v. Gilfus, 4 A.D.3d 788, 772 N.Y.S.2d 164 (4th Dept. 2004) (Patricia Gilfus); People v. Gilfus, 4 A.D.3d 789, 771 N.Y.S.2d 452 (4th Dept. 2004) (Richard Gilfus, Jr.); People v. Gilfus, 4 A.D.3d 789, 771 N.Y.S.2d 452 (4th Dept. 2004) (John Gilfus). The New York Court of Appeals subsequently denied their applications leave to appeal. *See* People v. Gilfus, 1 N.Y.3d 628, 777 N.Y.S.2d 26, 808 N.E.2d 1285 (2004) (Patricia Gilfus); People v. Gilfus, 1 N.Y.3d 628, 777 N.Y.S.2d 26, 808 N.E.2d 1285 (2004) (Richard Gilfus, Jr.); People v. Gilfus, 1 N.Y.3d 628, 777 N.Y.S.2d 26, 808 N.E.2d 1285 (2004) (John Gilfus). Thus, with the exception of Werner Flier, Plaintiffs stand convicted of fourteen counts of failure to provide proper sustenance.

**III.    Civil Forfeiture**

In a separate civil forfeiture case, on November 2, 2002, Cayuga County Court Judge Peter E. Corning granted motions by the Finger Lakes Society for the Prevention of Cruelty to Animals of Central New York and the Humane Society of Rochester and Monroe County, to take ownership of the 321 animals, including llamas, deer, goats, sheep, pigs, emus, turkeys, monkeys, horses, ponies, donkeys, geese, pigeons, and chickens, that had been seized on December 1st and 2nd, 2001. *See* Dkt. No. 12, Ex. E, Order. Previously, Plaintiffs Patricia Gilfus, Richard Gilfus, Jr. and John Gilfus, joined by Lisa Gilfus and Richard Gilfus, Sr., had entered into a stipulated court order to pay the Finger Lakes Society for the Prevention of Cruelty to Animals $375 per month to house and take care of animals in its custody that were seized from the Gilfus farm. The Gilfus Plaintiffs and Lisa Gilfus and Richard Gilfus, Sr. had further agreed to pay the Humane Society of Rochester and Monroe County $3,500 per month to care for animals in its custody that were seized from the Gilfus farm. *See* id., Order of Forfeiture.

## DISCUSSION

### I.   Plaintiffs' *Pro Se* Status

The Court recognizes that Plaintiffs filed their action *pro se* and thus holds them to a less stringent standard and liberally construes their pleadings as required by Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972); *see also* Gonzalez v. Crosby, 125 S.Ct. 2641, 2655, 545 U.S. 524, 524, 162 L.Ed.2d 480 (2005). *Pro se* status, however, does not insulate litigants from all legal attacks, and *pro se* litigants must comply "with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quotation marks omitted).

### II.   Legal Standards: Rule 12(b) and (c)

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a dismissal on the merits of the action, a determination that the facts alleged in the complaint fail to state a claim upon which relief may be granted. *See* Teltronics Services, Inc. v. LM Ericsson Telecomm., Inc., 642 F.2d 31, 34 (2d Cir. 1981). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) for a motion for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citing Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998). Such a dismissal is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). Therefore, the issue before the court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (internal quotations omitted).

Accordingly, in order to decide a Rule 12(b)(6) motion, the court must accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the non-moving party. *See* Harris, 186 F.3d at 247. However, a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted).

When deciding a Rule 12(b)(6) motion, the court generally limits itself to the facts stated in the complaint, documents attached to the complaint as exhibits, or documents incorporated by reference in the complaint. *See* Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999). If the court looks to additional materials, the motion should be converted into a motion for summary judgment. *See* Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). However, where the Court simply refers to supplementary materials, but does not rely to them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment. *See* id. With this standard in mind, the Court turns to the sufficiency of Plaintiffs' claims, which are plagued by numerous deficiencies.

### III. Defendants' Motions

A common theme runs through Defendants' motions to dismiss Plaintiffs' Complaint, namely that Plaintiffs fail to allege with any specificity how any particular Defendant participated in the alleged conspiracy to deny them of their constitutional rights. Indeed, almost without exception, Plaintiffs' Complaint repeatedly references "Defendants" rather than distinguishing between the one-hundred plus named defendants. Plaintiffs single-out Adessa, *see* Dkt. No. 1, Compl. at ¶ 45, and vaguely reference "Animal Rescue Groups" and "'SPCA' type organizations, *see*, *e.g.*, id. at ¶¶ 16, 18, but their reference is of little help because they name, by the Court's count, at least eight SPCA

and Humane Society-type organizations in their Complaint.

"[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). "[C]ourts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Morabito v. Blum, 528 F.Supp. 252, 262 (S.D.N.Y. 1981) (citing cases). Plaintiffs' allegations fail to explain with the requisite level of specificity how Defendants violated the law or caused any damages to Plaintiffs. The Court finds that dismissal is appropriate on this basis. *See* Jochnowitz v. Russell Sage College, 1992 WL 106813, at *1 (N.D.N.Y. May 13, 1992).

Therefore, Defendants' motions to dismiss Plaintiffs' Complaint are GRANTED for failure to state a claim upon which relief can be granted. This dismissal is without prejudice. If Plaintiffs intend to further pursue their claims, the Court strongly advises them to consult an attorney before filing a new action with this Court.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter including the parties' submissions and the applicable law, the Court hereby

**GRANTS** without prejudice Defendants' motion for judgment on the pleadings and **DISMISSES** Plaintiffs' Complaint in its entirety as against all Defendants, and further

Directs the Clerk of the Court to enter judgment in Defendants' favor and against Plaintiffs Dismissing the case in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated: September 30, 2006
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge